UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DIONTE ELLISON, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-1399 |
| ) | |
| WARDEN FCI PEKIN, et. al., ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff's initial filing was in the form of a letter. [1]. However, Plaintiff identified Defendants, articulated his claims, requested specific relief, and filed a motion to proceed *in forma pauperis.* [2]. Therefore, Plaintiff's letter was filed as a complaint pursuant to 42 U.S.C. §1983 and Plaintiff was advised a lawsuit had been opened. [3]; *see also Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse pro se plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P. 8).

Plaintiff is incarcerated at the Federal Correctional Institution in Pekin, Illinois (FCI Pekin). He has identified four Defendants including Warden Bragan, Warden Collier, Case Manager Maurice, and Unit Manager Brown.

Plaintiff says on September 22, 2022, he and other inmates were placed in the Special Housing Unit (SHU) pending an investigation into charges involving suspected contraband or drugs. As of the filing of his complaint, the investigation was not complete.

Plaintiff also says he is the father of a two-year old child and his child's biological mother passed away in 2020. A state court is apparently considering future custody of the child. Plaintiff says his mother attended a custody hearing and informed Plaintiff the FCI Pekin Warden had provided the presiding judge with information. In particular, the judge was informed Plaintiff was in SHU "for a positive urinalysis." (Comp., p. 2).

Plaintiff claims this information is false and can impact the outcome of the custody hearing. Plaintiff says Defendants' actions amount to defamation of character and libel. Plaintiff's complaint does not state how any of the named Defendants were involved in his claims. Plaintiff is requesting $725,000 in damages.

Nonetheless, Plaintiff chose to file his lawsuit in federal court and "libel and defamation are not actionable under 42 U.S.C. § 1983." *Lewis v. Farthing*, 2007 WL 1139472, at *2 (N.D.Ind. April 17, 2007); *citing Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."). *See also*

2

*Batagiannis v. W. Lafayette Comty. Sch. Corp.*, 454 F.3d 738, 742 (7th Cir.2006) (stating that there is no constitutional right to be free of defamation).

Since defamation or libel is not actionable in a § 1983 case, and Plaintiff has not asserted any other claims, this case must be dismissed for failure to state a claim upon which relief can be granted. *See Lewis*, 2007 WL 1139472, at *2; *see also Green v. Noble*, 2022 WL 656877, at *8 (E.D.Wis. March 4, 2022).

The Court will not transfer this case to state court because it is unclear if the custody hearing was in Illinois or Indiana. If Plaintiff intends to file suit in state court, he must make sure he picks the proper venue and files within the statute of limitation period.

IT IS THEREFORE ORDERED:

1) Plaintiff's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. Since the complaint does not state a basis for relief under federal law, the Court declines to exercise supplemental jurisdiction over any claims arising under state law and dismisses those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3). This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A

motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 22nd day of February, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE